UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SHARON R. DURRETTE (KENNER), | : | Case No. 06-cv-379 |
| | : | |
| Plaintiff, | : | Magistrate Judge Timothy S. Black |
| | : | |
| vs. | : | **ORDER** |
| | : | |
| WELLS FARGO BANK, MINNESOTA, | : | |
| N. A. as trustee, *et. al.*, | : | |
| | : | |
| Defendants. | : | |

This civil action is before the Court on defendants' motion to dismiss count I of plaintiff's complaint (doc. 5) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the parties responsive memoranda (docs. 7, 8). Plaintiff's complaint alleges, *inter alia*, that defendants Wells Fargo Bank, Minnesota N.A. as Trustee ("Wells Fargo") and Ocwen Federal Bank, FSB ("Ocwen) improperly handled her residential mortgage loan account, and the complaint asserts various tort claims and claims under the Fair Debt Collection Practices Act.[1]

The parties have consented to disposition by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (*See* Doc. 11.)

## BACKGROUND AND PROCEDURAL HISTORY

---

[1] Also before the Court is defendants motion for an extension of time to complete discovery. (Doc. 13). For good cause shown, and in the absence of any opposition, the motion is **GRANTED**. The discovery cutoff is now **May 16, 2007.**

This action, originally filed in the Butler County, Ohio Court of Common Pleas, was removed to this Court by defendants on June 20, 2006.  (*See* Doc. 1).

Plaintiff's complaint contains the following factual allegations:

On May 17, 2002, plaintiff secured a mortgage with EquiFirst Corporation for her residence in Butler County, Ohio.

Plaintiff asserts that she was unaware that the mortgage was apparently transferred to Wells Fargo after the initial closing.  Wells Fargo then retained Ocwen Federal Bank FSB to service the mortgage.

Plaintiff made two initial payments on the mortgage to EquiFrist pursuant to her instructions at the closing.[2]

On or about August 13, 2002, plaintiff received a letter from Ocwen, notifying her that Ocwen had acquired the servicing rights of the mortgage and that all future payments should be made to Ocwen.

Prior to receiving Ocwen's letter, plaintiff began receiving telephone calls that she was delinquent on her mortgage payments.

Ocwen initially denied that plaintiff had made any payments on her mortgage other than the payments mailed directly to Ocwen, and refused to credit her two initial payments.

As a result of Ocwen's failure to properly credit plaintiff's mortgage with the first

---

[2]  Plaintiff alleges that she was instructed by EquiFirst to make subsequent payment to Lehman Brothers after July 2, 2002.  (*Id.* at 8.)

two payments, Ocwen began a relentless telephone campaign beginning in August 2002 and continuing beyond the foreclosure and sale of the property to collect "delinquent" payments.

Plaintiff asserts that she was denied refinancing of the mortgage as a direct and proximate result of Ocwen's negligent reporting of delinquency to credit reporting agencies and Ocwen's refusal to provide a payoff statement to the company attempting to refinance the mortgage.

Plaintiff ultimately sold the property. Even after the sale, Ocwen continued to contact plaintiff insisting that a balance remained due on the mortgage.

As a result of Ocwen's harassing telephone and letter campaign, plaintiff consulted a therapist and experienced problems in her marriage.

As a result of Ocwen's negligent credit reporting, plaintiff has been unable to obtain credit for purchasing a care and a cellular phone.

As of November 10, 2004, Ocwen continues to report that plaintiff owes a past due amount of $3,025.00 on the mortgage to the major credit reporting agencies. (*See* Doc. 2 ¶¶ 2-25.)

Accordingly, plaintiff's complaint alleges two causes of action. The first cause of action is captioned "Negligence," and it relates to the alleged torts suffered by plaintiff as a result of Ocwen's harassment and improper reporting of plaintiff's credit information. Plaintiff's second cause of action is captioned "Violation of FDCPA" and asserts that defendants' actions violated the Fair Debt Collection Practices Act.

-3-

Defendants are now seeking to dismiss plaintiff's first cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  For the reasons that follow, the undersigned finds that defendants' motion is not well-taken.

## STANDARD OF REVIEW

The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true.  *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)  To that end, for purposes of a motion to dismiss under the Rule, the complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true.  *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).  To survive a motion to dismiss under Rule 12(b)(6), "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted).

The test for dismissal under Rule 12(b)(6), however, is a stringent one.  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hartford Fire Insurance Co. v. California*, 509 U.S. 764, 811 (1993)(*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); s*ee also Monette v. Electronic Data Systems Corp*., 90 F.3d 1173, 1189 (6th Cir. 1996).

Moreover, a claim will not be dismissed under Rule 12(b)(6) merely because it does not allege with specificity every element of a cause of action, if it contains allegations from which an inference may be drawn that evidence on the essential elements will be produced. *St. Joseph's Hospital, Inc. v. Hospital Corporation of America*, 795 F.2d 948, 954 (11th Cir.1986) (citing C. Wright and A. Miller, Federal Practice and Procedure: Civil § 1216, at 604).

Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless no law supports the claim made, or the facts alleged are insufficient to state a claim, or an insurmountable bar appears on the face of the complaint.

## DISCUSSION

Defendants' primary assertion is that plaintiff's allegations fail to state a claim for negligence because Ohio law does not impose a separate legal duty on defendants that would permit plaintiff to recast a supposed breach of contract as a tort claim. Thus, defendants maintain that the only possible legal duty defendants owed plaintiff was one they assumed in contract, not one imposed by law.

The Court agrees that plaintiff's allegations fail to state a claim for negligence under Ohio law, because plaintiff failed to allege that defendants owed plaintiff a legal duty. Moreover, in her response to defendants' motion, plaintiff asserts that her first cause of action is in tort "for harassment and improper reporting of credit information to credit bureaus" and not for negligence. (Doc. 7.) Thus, to the extent that plaintiff is asserting a claim for negligence under Ohio law, such claims are properly dismissed

-5-

pursuant to Rule 12(b)(6).

However, although plaintiff's first cause of action is captioned "Negligence," a careful reading of plaintiff's allegations reveals that plaintiff has asserted a claim under Ohio law for invasion of privacy, and a claim under The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681o, for alleged improper credit reporting.  *See Parkview Fed. Sav. Bank v. Lombardo,* 2006 WL 3000458, *3 (Ohio App. 11 Dist. 2006) (citing *Housh v. Peth*, 165 Ohio St. 35, 133 N.E.2d 340 (1956) (a creditor may be liable for invasion of privacy where he "initiates a campaign to harass and torment the debtor * * *[.]"); *see also Thomas v. CitiMortgage, Inc*., No. 03 C 6177, 2006 WL 2088195, *2 (N.D.Ill. July 24, 2006)(citing 15 U.S.C. § 1681o) (The Fair Credit Reporting Act provides a cause of action for negligence); 15 U.S.C. § 1681h ("no consumer may bring any action or proceeding in the nature of defamation, invasion or privacy or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency ... except as to false information furnished with malice or willful intent to injure such consumer.").

## CONCLUSION

Here, the Court agrees that plaintiff has failed to state a claim for negligence under Ohio law.  However, defendants have failed to show that the facts alleged in plaintiff's first cause of action are insufficient to state any claim upon which relief can be granted. As noted above, the factual allegations are sufficient to state a claim for invasion of privacy under Ohio law and under the FDCA for improper credit reporting, and, accordingly, dismissal is improper at this early stage in the litigation.

Wherefore, Defendant's motion to dismiss (doc. 5) is hereby **GRANTED in part and DENIED in part** consistent with this Order.  Additionally, plaintiff may request leave to file an amended complaint consistent with this Order.

**IT IS SO ORDERED**.


DATE: March 19, 2007          s/Timothy S. Black
                             Timothy S. Black
                             United States Magistrate Judge

-7-